## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                        Criminal No. 15-05 (DWF/LIB)

                          Plaintiff,

v.                                                               **ORDER ADOPTING REPORT**
                                                                 **AND RECOMMENDATION**

Aleemu Malik Adkins,

                          Defendant.


This matter is before the Court upon Defendant Aleemu Malik Adkins's

("Defendant") objections (Doc. No. 40) to Magistrate Judge Leo I. Brisbois's April 17,

2015 Report and Recommendation (Doc. No. 39) insofar as it recommends that:

(1) Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure

be denied; and (2) Defendant's Motion to Suppress Statements be denied.   The

Government filed a response to Defendant's objections on May 19, 2015.   (Doc. No. 47.)

The Court has conducted a *de novo* review of the record, including a review of the

arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b).   The factual background for the above-entitled matter is clearly and

precisely set forth in the Report and Recommendation and is incorporated by reference

for purposes of Defendant's objections.

In the Report and Recommendation, Magistrate Judge Brisbois recommended

denying Defendant's following motions:   (1) Motion to Dismiss Indictment (Doc.

No. 23); (2) Motion to Suppress Evidence Obtained as a result of Search and Seizure

(Doc. No. 16); and (3) Motion to Suppress Statements (Doc. No. 22).   (*See generally* Doc. No. 39.)

With respect to Defendant's motion to suppress evidence obtained as a result of the September 4, 2014 search and seizure, Magistrate Judge Brisbois found that the issuing judge had a substantial basis upon which to conclude that probable cause existed for the issuance of the search warrant of Defendant's hotel room.   Magistrate Judge Brisbois found that the tip of an anonymous concerned citizen was independently and sufficiently corroborated by Investigator Hunt and that there was a sufficient nexus between Defendant's hotel room and the possible existence of a controlled substance, as well as to his vehicle.   Magistrate Judge Brisbois also concluded that even if there was not a sufficient nexus between the contraband and Defendant's vehicle (not his hotel room), the warrant's probable cause to search the hotel room supported law enforcement's reasonable reliance on that warrant as-issued when they searched his vehicle.

With respect to Defendant's motion to suppress statements, Magistrate Judge Brisbois found that the record demonstrates that Defendant was read his *Miranda* rights and understood those rights   Further, Magistrate Judge Brisbois concluded that Defendant voluntarily, knowingly, and intelligently waived his *Miranda* rights and that his statements were not coerced or otherwise improperly elicited.

Defendant objects to the Report and Recommendation on only two grounds.   First, Defendant argues that the Magistrate Judge wrongly determined that probable cause had been established for the search warrant.   (*See* Doc. No. 40 at 1-7.)   Specifically, Defendant asserts that Magistrate Judge Brisbois wrongly relied on the case *United States v. Wiley*, Crim. No. 09-239, 2009 WL 5033956, at *2 (D. Minn. Dec. 15, 2009), and that Magistrate Judge Brisbois erroneously determined that the anonymous informant's tip was sufficient to establish probable cause because only a few "innocent details" were corroborated.   (*Id.*)   Defendant further argues that the good faith exception to the suppression doctrine does not apply here because the officers would have known the search was illegal, despite the search warrant.   Defendant asks this Court to reject the findings denying his motion to suppress and instead grant that motion.

The Court declines to overrule Magistrate Judge Brisbois's recommendation as it relates to the search warrant.   The Court concludes that the warrant was proper as "the evidence as a whole create[d] a reasonable probability that the search [would] lead to the discovery of evidence."   *United States v. Smith*, 266 F.3d 902 (904) (8th Cir. 2001) (quotation and citation omitted).   In light of the fact that Investigator Hunt conducted an independent investigation and because heroin was found during the traffic stop of known associates, it was reasonable for the Magistrate Judge to conclude that the search warrant was issued based on probable cause.   Further, the record before the Court supports the Magistrate Judge's conclusion that the anonymous tipster was sufficiently reliable and his

or her information was not stale, such that the informant's information supported the issuing judge's finding of probable cause.   The tipster's information was corroborated by Investigator Hunt and was reasonably considered to involve an ongoing offense in light of the location, persons, timing, and the totality of the facts applicable to the September 2014 and related events.   Finally, the record also supports the Magistrate Judge's conclusion that there was a reasonable inference of criminal drug activity that established a sufficient nexus between the contraband, the hotel room, and Defendant's vehicle.   Mr. Harding appeared to leave Defendant's hotel room and to have something in his hand, and the car in which Mr. Harding and Ms. Reyes were stopped contained heroin.   It was reasonable for officers to conclude that Defendant himself might have drugs in his vehicle, which was parked at the hotel from which Mr. Harding had exited. Finally, the Court's decision here would not permit "police to obtain a warrant, and to enter and search, anyone's home" (Doc. No. 40 at 4), because, here, Defendant's mobility was central to the analysis—that is, the fact that Defendant was travelling from Detroit, Michigan, was staying in a hotel, and was travelling in his car support the justification for the search warrant when considered with the totality of the circumstances. A search of Defendant's *home* would have involved a different analysis.

However, even if the Court determined that there was no probable cause and that the informant was not reliable, the Court agrees with the Government that the *Leon* Good Faith Exception applies in this case.   Under the *Leon* Good Faith Exception, "[d]isputed

evidence would be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." *United States v. Grant*, 490 F.3d 627, 632 (8th Cir. 2007) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)).   Here, facts associated with the anonymous tipster's information were corroborated by the officers and there was no reason to think the search was illegal despite the issuing judge's warrant authorization.

Second, Defendant argues only that "[t]he statement given, by [Defendant], after the illegal search of the red van and his illegal arrest, must be suppressed as a fruit of the poisonous tree, pursuant to *Wong Sun v. United States*, 83 S. Ct. 407 (1963)[.]"   (Doc. No. 40 at 8.)   Even if the Court were to consider this sentence to constitute a sufficiently specific objection under the rules, which it does not, the Court still concludes that the Magistrate Judge's recommendation on the statements should be adopted.   The record reflects that the Magistrate Judge properly found that Defendant was read his *Miranda* rights and his statements were voluntary and not coerced.   Further, when the officers found the pistol, they had probable cause to arrest Defendant in light of his prior record.

In sum, based upon the *de novo* review of the record and all of the arguments and submissions of the parties,[1] and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

---

[1]      The Court notes that Defendant did not object to the portion of the Magistrate Judge's Report and Recommendation relating to his Motion to Dismiss Indictment.   The Court, however, independently reviewed that portion of the Magistrate Judge's Report

(Footnote continued on next page)

**ORDER**

1. Defendant Aleemu Malik Adkins's objections (Doc. No. [40]) to Magistrate Judge Leo I. Brisbois's April 17, 2015 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's April 17, 2015 Report and Recommendation (Doc. No. [39]) is **ADOPTED**.

3. That Defendant's Motion to Dismiss Indictment (Doc. No. [23]) is **DENIED**.

4. That Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. [16]) is **DENIED**.

5. That Defendant's Motion to Suppress Statements (Doc. No. [22]) is **DENIED**.


Dated: June 1, 2015   s/Donovan W. Frank
           DONOVAN W. FRANK
           United States District Judge

---

(Footnote continued from previous page)
and Recommendation, as well as the record, and adopts the Magistrate Judge's recommendation on that issue in full.